CASE & CO. v. BURROWS AND WHITING.

1. **Instructions:** ASSUMPTION OF FACT IN ISSUE. Where the fact of an alleged sale was distinctly put in issue by the pleadings, *held* that in the absence of clear and undisputed evidence of such sale it was error for the court to assume it as a fact, and submit to the jury only the question of its *bona fides*.

*Appeal from Buena Vista District Court.*

FRIDAY, OCTOBER 24.

ACTION in attachment upon a promissory note executed by the defendants, T. H. Burrows, Walter Watts and Warren Prentice. The property attached is twenty-four head of cattle, in the possession of one Maurice Burrows, who held them under a contract whereby after feeding the cattle for a certain time he was to become the owner of one-half. The property was attached as the property of Walter Watts. The intervenor, Robert Whiting, claims to own the cattle (subject to Maurice Burrows' rights and interest in the same) by virtue of a purchase of the cattle from Watts. There was a trial by jury and verdict and judgment were rendered for the intervenor. The plaintiffs appeal.

*Robinson & Milchrist*, for appellants.

*H. Aplington*, for appellee.

ADAMS, J.—The court, in instructing the jury, in the third instruction said: "There will be one question for you to deter-

mine in this case, and that is, was the sale from Watts to Whiting a *bona fide* sale for a valuable consideration?" To the giving of this instruction the plaintiffs excepted.

The instruction, as will be observed, assumes that there was a sale in form, and submits to the jury the mere question as to whether it was of such a character that it can be upheld as against attaching creditors of the vendor. Now the plaintiffs insist that the evidence fails to show that there was a sale even in form. And upon looking into the evidence we have to say that it appears to us to be extremely doubtful. The cattle were originally owned by one Shaw. The defendant T. H. Burrows took the cattle under a written contract to feed them for three years, and was to have one-half at the end of three years for feeding. T. H. Burrows assigned his interest in the contract to Maurice Burrows, who took possession of the cattle and was feeding them under the contract. Shaw assigned and delivered the contract to Watts and Watts to Whiting. In neither case was there any writing purporting to convey the cattle. Whether the mere assignment of the contract could have the effect to pass the title of the cattle we need not determine. The evidence tends to show that Whiting loaned money to Watts, and took the assignment of the contract as a supposed security. It is true, Whiting says in his testimony, "I am now the absolute owner," but when or how he became such does not appear. If he became the owner after the attachment such fact would not aid him. The fact of a sale was directly put in issue by the pleadings; to justify the court in assuming that there was a sale in form, the evidence of such fact should be clear and undisputed.

In our opinion the instruction cannot be sustained.

REVERSED.