## ROACH v. PARCELL.

1. **Instruction**: ASSUMPTION OF FACT. An instruction which assumes the existence of a fact in issue, and about which the testimony is conflicting, is prejudicial, and, unless the prejudice is cured by other instructions, the giving of such instruction is reversible error.

*Appeal from Boone Circuit Court.*

WEDNESDAY, JUNE 6.

ACTION to recover for trespass upon plaintiff's land, and for injuries sustained by an alleged assault and battery committed upon the plaintiff by the defendant. There was a trial by jury, and a verdict and judgment for the defendant, and plaintiff appeals.

*Ramsey & Jordan*, for appellant.

No appearance for appellee.

ROTHROCK, J.—The defendant came upon the plaintiff's land, on horseback, and was about to cross a ditch. The plaintiff ordered defendant to go by another way, and defendant refused, and plaintiff took hold of the bridle on the horse and defendant alighted and a personal collision ensued. The defendant did not deny that he used violence, but he claims that all his acts were in self-defense—that plaintiff threw a stone at him and struck him, and that he only got off the horse and used violence toward the plaintiff to prevent him from doing the defendant further injury. The plaintiff denied that he threw a stone at the defendant. This question then became material upon the issue of self-defense, and the testimony of the plaintiff and defendant with reference thereto was in direct conflict.

The court, among other instructions, charged the jury as follows: "If you believe from the evidence that the defendant was lawfully upon plaintiff's land when the plaintiff at-

tacked him, throwing a stone at him, and the defendant feared, and had good cause to fear, that the plaintiff would do him a personal injury, he might lawfully use sufficient force to resist the attacks and protect himself from harm or injury at the hands of the plaintiff, and to that extent the law, will justify and excuse an assault and battery, but no further" * * * *.

This instruction plainly assumes that the plaintiff attacked the defendant and threw a stone at him, and in view of the evidence, such assumption is erroneous.    It was for the jury to determine the fact in dispute between the parties.    We cannot say that this instruction was not prejudicial.    There is no other part of the charge to the jury which in any way modifies or qualifies this erroneous assumption.    There are other objections urged to rulings of the court, which we need not discuss.    A mere statement of them would demonstrate that they are not well taken.

For the error in the instruction above pointed out, the judgment must be

REVERSED.