NEVILLE v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

1. **Negligence:** PLEADING: GENERAL AVERMENTS: SPECIFIC ACTS. Although negligence of a particular kind is not specially alleged, it may still be a ground of recovery, if it is fairly covered by the averments of the petition. (See opinion for illustration.)

2. **Railroads:** INJURY TO CAR-COUPLER: NEGLIGENT IGNORANCE OF ENGINEER AND FIREMAN. Since it may have been negligence in this case for the engineer and fireman not to know that plaintiff had gone between the locomotive and an attached car to uncouple the car, the court properly refused an instruction which ignored that fact.

3. **Instructions:** TO BE CONSIDERED TOGETHER: BURDEN OF PROOF. An instruction in this case, which might be construed as wrongfully placing the burden of proof on defendant, is no cause for a reversal, since other parts of the charge clearly placed the burden on plaintiff.

4. ——: ——: CONFLICT. An instruction to find for plaintiff upon finding certain enumerated facts, but which ignores a fact necessary to be found in order to justify a verdict for plaintiff, is not cured by another instruction from which the jury might infer the necessity of the ignored fact; nor even by an instruction which makes the finding of that fact necessary; for then the instructions are in conflict, and it cannot be known which one the jury followed. (See opinion for illustration.)

5. ——: ASSUMPTION OF FACT IN DISPUTE. It is error in an instruction to assume as a fact a material matter which the evidence has left in doubt.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

FILED, JANUARY 31, 1890.

ACTION to recover for personal injuries alleged to have been sustained by plaintiff in consequence of negligence and wrongful acts on the part of defendant. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*Hubbard & Dawley,* for appellant.

*Ezra Keeler* and *J. W. Jamison,* for appellee.

ROBINSON, J.—On the first day of February, 1888, plaintiff was an employe of defendant; and, in the discharge of his duties, was required to assist in switching cars in the town of Strawberry Hill. On the day named a locomotive engine of defendant, in charge of an engineer and fireman, was run onto a sidetrack of defendant in Strawberry Hill, for the purpose of removing a coal-car therefrom, and placing it on another sidetrack, known as the "Wood track." The front end of the engine was coupled to the car by means of the pilot-bar, and was then run backwards, drawing the car, until the latter was clear of the wood-track switch. Plaintiff, in the discharge of his duty, threw the switch so as to open the wood track; and the engine, with the car in front, was then moved forward onto the wood track. That extended from the switch eastward. The engineer was in his proper place, on the south side of the engine cab, while the fireman was on the north side. Plaintiff stopped a few feet eastward from the switch-block, and, as the car passed him, stepped between it and the pilot of the engine, putting his left foot on the north rail, and attempted to make an uncoupling. His first attempt failed, and he then placed his right foot a few inches inside the north rail,

while he was facing southward, and again attempted, successfully, to remove the coupling-pin. While in the position last named, his right leg was struck by the pilot. He threw himself, or was thrown, onto the pilot, to which he clung, with his right foot under the pilot, and in that position was carried some distance to a frog, where his foot was caught, and in some manner he was thrown to the ground, and his right leg was crushed, rendering amputation necessary. The plaintiff claims that while he was between the car and pilot the employes in charge of the engine, without any signal from him, negligently increased the speed of the engine, thereby causing his foot to be caught, and that, knowing his leg was under the pilot, and knowing the danger to which he was subject, in time to have stopped the engine before the injury was sustained, they negligently permitted the engine to run forward a distance of fifty feet, until the frog was reached, and the leg crushed. The answer of defendant is a general denial.

I. The evidence shows that the engineer and fireman did not know that plaintiff had attempted to make the uncoupling until his leg had been caught, and he was on the pilot. Defendant complains of the refusal of the court to give, at its request, an instruction as follows: "(5) The plaintiff is not entitled to recover on the ground that the fireman failed to observe that plaintiff went between the engine and car, because plaintiff has not alleged any negligence in that respect." It is true the specific negligence referred to in the instruction is not pleaded, in terms, in the petition. But it is alleged that plaintiff stepped between the car and engine to make the uncoupling in the line of his duty; that, with due care on the part of the employes having charge of the engine, it could have been done with ordinary safety; that it was the duty of said employes to be watchful of plaintiff while he was exposed to danger in discharge of the duty aforesaid, to obey promptly any signal or direction he might give to stop the engine,

1. NEGLIGENCE: pleading: general averments: specific acts.

and, in case of any accident to plaintiff while so engaged, to stop said engine as soon as possible; that when his leg was caught he gave directions to stop the engine, but they were unheeded, and the engine was not stopped until too late to prevent the injury. We are of the opinion that the failure of the fireman, whose position in the cab at the time placed the duty upon him, if upon any one, to observe that plaintiff went between the engine and car to make the uncoupling, was negligence within the allegations of the petition, and that the instruction in question was properly refused.

II. Defendant asked the following instruction: "(6) If it does not appear, upon fair consideration of the testimony, that the speed of the train

2. RAILROADS: injury to car-coupler: negligent igno-rance of en-gineer and fireman.

was increased by giving the engine further steam, or that the engineer and fireman knew that Neville had gone between the cars, to uncouple them, before the outcry was made by Neville, and failed to stop as soon thereafter as possible, no negligence is made out against the defendant, and you should return a verdict accordingly." The instruction is erroneous, in that it ignores the fact that the failure of the engineer and fireman to know that plaintiff had gone between the engine and car may have been negligence, and was properly refused. On the same subject the court charged the jury as follows:

3. INSTRUC-TIONS: to be considered together: burden of proof.

"(9) If, on the other hand, you find from the evidence that plaintiff was negligent, as explained to you, * * * and that such negligence contributed to his injury, and that said engineer and fireman, or either of them, did not know that plaintiff was in a place of peril, nor of such negligence of the plaintiff, and by the exercise of reasonable and ordinary care could not have avoided the injury to plaintiff, then you will find for the defendant." Defendant complains of this instruction that, while it may have been designed to embody the substance of the sixth one it asked, yet that it was erroneous in that it placed upon defendant the burden of proving that

the men on the engine did not know of the peril of plaintiff, instead of requiring plaintiff to prove that they did have such knowledge. The language of the instruction is not to be commended, and, if not modified or explained, might have been prejudicial to defendant. The jury were instructed that under the issues of the case it was "incumbent upon the plaintiff to prove, by a preponderance of the evidence, not only that he has sustained injury, and consequent damage, on account of the negligence of defendant, its servants or employes, but also that he himself was not guilty of any fault or negligence which contributed to any injury received by him." They were also instructed to return a verdict for defendant unless they found from the evidence, among other issues, that there was negligence on its part. It is apparent, from the charge as a whole, that the jury could not have understood that the burden of proving want of knowledge was on defendant in the first instance.

III. The fifth paragraph of the charge to the jury is as follows: "(5) By the allegations of the petition, 4. ——: ——; plaintiff claims that defendant, by its conflict. servants and employes, was guilty of negligence in the following particulars: (1) Increasing the speed of the engine without signal or order; (2) disregarding the signal or order of plaintiff to stop; (3) failing to stop after knowing the peril to which plaintiff was exposed. If you find from the evidence that about February 1, 1888, at the town of Strawberry Hill, the plaintiff stepped between the said engine and coal-car, while the same were in motion, for the purpose of uncoupling the same; that it was a part of plaintiff's duty so to do; that the engineer and fireman in charge of said engine, or either of them, knew of plaintiff's whereabouts at the time; that the speed of the engine was thus increased without signal or order from plaintiff; that plaintiff's foot or leg was struck by the pilot of said engine, and forced under the same; that, while in such position, plaintiff called loudly, and signaled

the employes of defendant in charge of said engine to stop, that said employes, or either of them, knew of plaintiff's perilous position, and heard said calls, and failed to stop said engine, by reason of which plaintiff received the injury in question,—then you would be warranted in finding that defendant's servants and employes were negligent.   And if you further find from the evidence that defendant, its servants and employes, were guilty of negligence on account of which plaintiff sustained injury, and that plaintiff was himself free from any fault or negligence which contributed to the injury received by him, then you will find for the plaintiff.   If, on the other hand, you do not find from the evidence that the foregoing matters are established, then you will find for the defendant."   Appellant urges numerous objections against this instruction.   The first is that in view of the fact that the evidence shows that the men on the engine knew of plaintiff's position on the pilot before the leg was in fact crushed, and failed to stop the engine in time to prevent it, the instructions, in effect, charged the jury to find for the plaintiff. The portion of the instruction to which this objection is directed is as follows :   "If you find   *   *   *   that said employes, or either of them, knew of plaintiff's perilous position, and heard said calls, and failed to stop said engine, by reason of which plaintiff received the injury in question, then you would be warranted in finding that defendant's servants and employes were negligent."   It is claimed that the words "to use ordinary care" should have been inserted after the word "failed."   We think the instruction is vulnerable to the objection made.   Appellant claims, and there was evidence tending to show, that as soon as plaintiff's position on the pilot was known the men on the engine instantly used every available means for stopping the engine.   If they had not been previously negligent, their efforts to stop the engine, if they were as claimed by defendant, would have released it from liability; but the instruction ignored that fact.   It is said that

the error was cured by the eighth paragraph of the charge. That is as follows: "(8) If, under all the evidence and the foregoing instructions, you find that the plaintiff was negligent, still the defendant cannot escape liability if the act which caused the injury was done by defendant's servants and employes in charge of said engine after they, or either of them, discovered plaintiff's negligence, if you find from the evidence that defendant's said servants and employes could have avoided the injury, in the exercise of ordinary and reasonable care." If all that is claimed for this paragraph of appellee be true, the two paragraphs would be conflicting, and it would be uncertain which one the jury followed. But the eighth paragraph does not state that ordinary and reasonable care would release defendant from liability. It refers to an act, and not to an omission, which caused the injury, and, under the issues and evidence, may have been understood to refer to the alleged increasing of the speed of the engine after plaintiff attempted to make the uncoupling. If it be conceded that the eighth paragraph instructs as claimed by appellee, yet it is apparent that it does so indirectly, and that the meaning claimed, so far as it applies to the point under consideration, is deducible by inference only. An inference of that kind will hardly overcome a positive averment in conflict with it.

IV. A further objection, made to the fifth paragraph of the charge, is that it assumes that the speed of the engine was increased after plaintiff attempted to make the uncoupling. That seems to be the case. The language is: "If you find from the evidence * * * that the engineer and fireman in charge of said engine, or either of them, knew of plaintiff's whereabouts at the time that the speed of the engine was" thus increased, etc. The question of the alleged increase of speed was important. The evidence of plaintiff shows that he placed his right foot a few inches inside the north rail, while facing south, and stood without moving it; that he attempted to pull the coupling pin with his right hand, without

5. ——: assumption of fact in dispute.

taking hold of anything with his left; and that while so standing he was struck by the pilot, Other evidence tends to show that the engine was then moving at the rate of three or four miles an hour, and that plaintiff's right foot could not have been placed more than three feet in advance of that part of the pilot by which he was struck, or, in other words, that the pilot would have been in contact with his leg in from one to one and one-half seconds after he stepped inside the rails. Plaintiff claims that the engine was barely moving when he stepped inside the rail; and it is apparent that, unless that was the fact, the jury may well have found that plaintiff was guilty of contributory negligence. Hence the disputed question in regard to the increase of speed after plaintiff stepped in front of the pilot was a vital one. In our opinion, the fifth paragraph of the charge was erroneous, and should not have been given.

V. Appellant discusses objections to other portions of the charge, and complains of the refusal of the court to give certain instructions asked. What we have said disposes of some of the questions thus raised, and others are not likely to arise on another trial. Some of the instructions refused were more in the nature of arguments than of instructions, and were properly refused for that reason. Others assumed to be true matters about which there was a conflict of evidence. But we do not deem it necessary to consider at length other questions raised in this court, for reasons stated. For the errors pointed out, the judgment of the district court is                                          REVERSED.