W. M. KRESS, Appellant, v. LANE BROS. et al., Appellees.

NEGLIGENCE: Acts Constituting Negligence—Storage of Gasoline. A petition stating that defendants had in their possession nine barrels of gasoline and six barrels of kerosene, in a frame building near an alley, with no statement that the method of storage was wrongful, or that the containers were defective, or that any statute or ordinance was violated, does not state a cause of action for loss by conflagration, where fire set out by other persons caused the contents of the barrels to explode, as the mere possession of the gasoline and kerosene, without more, was not an actionable wrong.

NEGLIGENCE: Proximate Cause—Setting Fire to Building Containing Gasoline. Where a fire was "set" to a building containing gasoline, and there was no allegation that the method of the storage of the gasoline was negligent or wrongful, and

that such wrongful method of storage operated as a direct and proximate cause of the conflagration, *held* that the setting of the fire, and not the storage of the gasoline, was the proximate cause of the conflagration, although the gasoline increased the conflagration.

*Appeal from Harrison District Court.*—Thomas Arthur, Judge.

April 10, 1919.

Rehearing Denied October 23, 1919.

Action for damages for the burning of plaintiff's building in a conflagration. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.—*Affirmed.*

*Cochran & Wolfe* and *H. L. Robertson,* for appellant.

*Roadifer & Roadifer,* for appellees.

Evans, J.—The plaintiff is a resident of the town of Pisgah. The defendants constitute a copartnership, engaged in a general merchandise business in the same town. The alleged wrongdoing which the plaintiff charges against the defendants is as follows:

"That, as a part of its said business, and in connection therewith, said defendants kept, in a building situated on Lots 1, 2, and 3, Block 5, of the town of Pisgah, Iowa, about 350 gallons of gasoline, and about 250 gallons of coal oil in and about said building; that the said building in which said gasoline and coal oil were kept in and about was a small building, and was located near the alley running north and south just west of said premises. That said gasoline and coal oil were highly inflammable substances. * * * Plaintiff further states that, on or about the 29th day of August, A. D. 1917, there was a fire set or broke out in said building in which said gasoline and coal oil was kept

in and about, as aforesaid, and that said fire caused an explosion of said gasoline and coal oil in and about said building, and thereby set fire to plaintiff's said building, and caused it and the household goods and furniture and personal property therein to be completely destroyed."

The petition is in two counts. In the first, the plaintiff claims a recovery on the theory that the defendants maintained a nuisance. In the second count, the same facts are stated, and a claim of liability based thereon, on the theory of negligence. There is no allegation in the petition that the defendants were in any manner responsible for the setting of the fire which caused the explosion of the gasoline. The naked proposition upon which the petition rests is that the defendants were guilty of an actionable wrong in that they stored 9 barrels of gasoline and 6 barrels of kerosene in a frame building upon the premises, and that such wrongful storing of such quantity of these inflammable substances was the proximate cause of the burning of plaintiff's house, in that the fire caused an explosion, and thereby enlarged the conflagration. It is not claimed that any statute or ordinance was violated. The claim of nuisance is predicated upon the highly inflammable character of the substances. The second count predicates the claim of negligence upon the large quantity of these inflammable substances, and upon the fact that they were stored in a "frame building near the alley." There is no complaint otherwise as to the method of storage. It is not alleged that the gasoline was confined in defective containers, nor is there any claim that the presence of the gasoline or kerosene had anything to do with the starting of the conflagration, nor is there any claim that the defendants had anything to do with the starting of the fire. The fair implication of the petition is that the fire was "set" by other persons. We think it quite clear that the mere possession of

1. NEGLIGENCE: acts constituting negligence: storage of gasoline.

the gasoline and kerosene in question, without more, was not an actionable wrong. In *Walker v. Chicago, R. I. & P. R. Co.,* 71 Iowa 658, a question of possession and storage of dynamite was involved. In that case, it was held that the possession and temporary storage of dynamite by the defendant, if done in a reasonable and prudent manner, did not constitute a nuisance, and was not wrongful. The fact that dynamite is subject to explosion by contact and concussion was an element of danger which does not appear in this case. Gasoline is concededly a dangerous substance, if used, stored, or exposed negligently. Properly used, it is not highly dangerous. For proper use, it has become one of the pressing necessities of the community. Thousands of gallons of it are daily in course of transportation into and through every town in the state. It is, of course, highly inflammable, and will not stand exposure to the torch of conflagration. If it be so exposed, either by willful or negligent act, such is the actionable wrong. If gasoline is to be used, it must be stored and handled in some manner and in some quantities. If it be exposed to fire, even in small quantities, disastrous consequences are likely to follow. But it should not be thus exposed, and no one is ignorant of that fact.

It being averred in the petition that fire was "set" to the building in which the gasoline was stored, such act was a wrongful one, and was the proximate cause of the resulting conflagration. If the quantity of gasoline thus stored in the building had been contained in the tanks of automobiles stored in a garage, a like result would have followed the setting of fire to the garage. Could it be said, in such a case, that the owners of the garage or the owners of the automobiles were liable for the consequential damage, because they were responsible for the presence of the gasoline? We reach the conclusion that

2. NEGLIGENCE: proximate cause: setting fire to building containing gasoline.

no cause of action against the defendants can be predicated on the mere presence and storage of the gasoline, in the absence of allegation that the method of storage was negligent or wrongful, and that such wrongful method of storage operated as a direct and proximate cause of the conflagration itself. The mere fact that it increased the conflagration would not, of itself, be sufficient. All combustible material necessarily does that. Even a frame building, when exposed to the conflagration, aids the spreading of it to other buildings. The demurrer was, therefore, properly sustained, and the ruling is accordingly—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.