F. PIERCE, Appellee, v. LIBERTY OIL COMPANY, Appellant.

NEGLIGENCE: Proximate Cause—Immaterial Acts of Negligence.

1  When one specific act appears without question to be the proximate cause of an injury, all other alleged acts of negligence become wholly immaterial.

**PRINCIPAL AND AGENT:** Authority—Declaration of Agent. Agency
2   may not be established by the *declarations* of the agent.

*Appeal from Des Moines Municipal Court.*—W. G. BONNER,
Judge.

JUNE 25, 1921.

ACTION to recover damages sustained by destruction by fire
of a portion of a crop of growing cherries. The cherries were
growing in an orchard situated on land adjoining ground oc-
cupied by defendant's gasoline filling station. The filling sta-
tion was consumed by fire, and the heat and flames destroyed
the cherries. The case was tried to the court with a jury. Verdict
in favor of plaintiff for $159.12 was returned, upon which judg-
ment was entered. Defendant appeals.—*Reversed.*

*Miller, Kelly, Shuttleworth & Seeburger,* for appellant.

*James W. Wilson,* for appellee.

ARTHUR, J.—Plaintiff was a tenant on the farm of J. R.
Rittgers, located near the Hyperion Club in Polk County. In
accordance with the terms of his lease, plaintiff was entitled to
the cherries in controversy. Defendant, Liberty Oil Company,
was also a tenant on the Rittgers land, and occupied a tract of
land adjoining that occupied by plaintiff, and near the orchard
where the cherries in controversy were growing. Defendant's
filling station was destroyed by fire on May 25, 1919. Plaintiff
claims that the fire was caused by defendant's negligence, con-
sisting of the following acts and things:

"a.   That defendant was negligent in that it kept gasoline
in a place exposed to fire.  b.   That it was negligent in carrying
a lighted lamp to such close proximity to said gasoline as to
cause the ignition of said gasoline, and consequently, the fire
which followed.  c.   That it was negligent in having an open,
lighted lamp about its filling station; that it was negligent in not
having said filling station properly equipped with an electric
lighting system.  d.   That it was negligent in its failure to
furnish and supply said filling station with a water apparatus,

to combat said fire.  e.  That it was negligent in its failure and neglect to have and keep on hand proper fire-extinguishing chemicals.  f.  That it was negligent in having caused the said fire by its extreme carelessness in carrying said lighted lamp so close up to said gasoline as to make it impossible to avoid said fire.  g.  That it was negligent in its failure and neglect to control said fire after it had started, and its failure and neglect to extinguish same, and prevent said damage and injury to this defendant.''

Defendant denied that the fire was caused by the negligence of any of its agents, representatives, servants, or employees. Defendant's claim was that J. E. Martin, father of Howard Martin, was their agent in charge of the plant; that Howard Martin was never in their employ.

It appears from the testimony offered by both plaintiff and defendant that the fire was caused by the acts of Howard Martin.  Two persons only testified as to how the fire occurred, one R. H. Beeson and Howard Martin himself.  Beeson, called by plaintiff, testified that, prior to May, 1919, he was in the office of the filling station nearly every evening, and saw Howard Martin there; that Howard Martin's father, J. E. Martin, was there sometimes; that he saw Howard Martin at the filling station probably a month before the fire; that Howard was driving a taxi from Camp Dodge to Des Moines; that the fire that destroyed the station occurred on May 25, 1919; that he was in the office building when it caught fire; that Howard had just filled the tank located inside of the office with gasoline, to supply a lamp for lighting the office, and in doing so, spilled some gasoline on the floor, and in lighting the lamp, this gasoline was ignited, and the fire spread over the building and completely burned it.  Some gas tanks exploded, and were thrown up in the air and out over the cherry orchard, throwing burning gas in all directions.  Immediately before the fire, there were lots of cherries on the trees, turning red.  After the fire, the cherries on the trees close to the station were burned.  Farther out, less damage was done.  The fire burned the leaves off the trees, and the trees near the station were killed.

Howard Martin testified that he was lighting a gasoline light, and that the gasoline ignited and caught fire, and that he tried

to put out the fire with the pyrene extinguisher which was there, but that he did not know how to work it, and the building caught fire and burned.

Several assignments of error are lodged against rulings of the trial court on introduction of testimony, on refusal to give instructions requested by defendant, and on instructions given.

1. Negligence: proximate cause: immaterial acts of negligence.

The first five assignments relate to testimony of R. H. Beeson, received over apt objections, and refusal to instruct as to such evidence, as to statements made out of court by Howard Martin, to the effect that he was in the employ of defendant at the time the fire occurred. These are the important assignments, and our holding as to them is decisive of the case. From the nature of the case, it was necessary for plaintiff to prove that Howard Martin, the man whose acts caused the fire, was the agent, servant, or employee of the defendant company. Whether the defendant was negligent or not, as to matters alleged as negligence, the fire started by human agency, the acts of Howard Martin. In and of themselves, to have gasoline at the station, to have a gasoline lamp for lighting purposes, not to have electric lighting, and other matters alleged as negligence, would not be such negligence as to render the defendant liable for the loss claimed for, where it appears without dispute that the act of Howard Martin in negligently lighting the lamp in close proximity to gasoline which he had spilled on the floor, and in thus causing the fire, was the proximate cause of the injury, and not the mere presence of the other matters and things alleged. *Kress v. Lane Bros.*, 187 Iowa 518.

It appears without dispute that the unchallenged negligence of Howard Martin was the proximate cause of the fire and consequent injury complained of. It follows that, if How-

2. Principal and agent: authority: declaration of agent.

ard Martin was in the employ of the defendant company at the time of the fire, the defendant company was liable, if other necessary elements were proven to fix liability. Defendant says that Howard Martin was not its agent, and was not in its employ in any capacity. It was incumbent upon plaintiff to establish—and plaintiff so understood it—that Howard Martin was the agent of defendant.

Plaintiff's counsel propounded this question to plaintiff, F. Pierce, as witness:

"Q. Do you know whether or not he [Howard Martin] was employed by the Liberty Oil Company?" (Apt objection made by defendant's counsel was overruled.) "A. He always told me he was."

It was error, most prejudicial error, to permit plaintiff to so testify to such statement out of court by Martin. The rule is universal that the acts, statements, or declarations of an alleged agent are incompetent to prove the fact of agency. To this effect, a myriad of cases might be cited, and all the text writers on the subject of agency. A recent case of *Lavelleur v. Nugent,* 186 Iowa 234, is directly in point. Admission of the declaration of Howard Martin that he was in the employ of the defendant is reversible error. Before the jury was instructed, defendant's counsel especially requested the court to instruct the jury that the testimony as to the statement of Howard Martin that he was in the employ of defendant should not be considered; and this was refused. Other instructions to the same effect were asked and refused. We doubt if the evidence was sufficient, if the testimony of Beeson had been excluded, to justify the verdict; but, in view of a retrial of the case, we do not pass upon that question, although it is raised. However that may be, the jury was permitted to consider the evidence of Beeson as to such statements of Howard Martin, in arriving at its finding, and such testimony was clearly incompetent; and for this reason the case must be reversed.

We will not discuss other errors complained of. If the case should be tried again, other errors complained of, if they are errors, are not likely to occur.

On account of the error above pointed out, the judgment of the trial court is reversed.—*Reversed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.