RAYMOND N. KLASS, Appellee, v. IOWA MUTUAL LIABILITY INSURANCE COMPANY et al., Appellants.

No. 40192.

APRIL 14, 1930.

*Crissman & Linville* and *David G. Bleakley,* for appellants.

*Raymond N. Klass* and *Elmer Johnson,* for appellee.

ALBERT, J.—I. To a determination of the questions raised, it is sufficient to say that the plaintiff claimed that he was employed by the defendants to prepare a special form of accident insurance policy for said company, and that he performed such services.

Among the instructions given to the jury was the following: .

"If you find from the evidence that the services performed and the advice given by the plaintiff were of a simple or ordinary character, and could have been properly performed and  given by the average lawyer in good standing in the city of Cedar Rapids as well as by the plaintiff, then you should not add any additional value to such services or advice by reason of the fact that plaintiff had extraordinary skill and experience as a lawyer. But these are matters for your consideration, on the question of value of the services."

This instruction is first assailed on the ground that it assumed the fact that the plaintiff had extraordinary and special skill or experience as a lawyer, and it is said that the court assumed something to be true which, if material at all, is in dispute, and which it is the province of the jury to determine. The rule, of course, is well settled that the court should not assume facts to be true which are in dispute, as is shown by the following cases: *Howes v. Carver,* 3 Iowa (Clarke) 257; *Kennedy v. Rosier,* 71 Iowa 671; *Roach v. Parcell,* 61 Iowa 98; *Case & Co. v. Burrows,* 52 Iowa 146; *Neville v. Chicago & N. W. R. Co.,* 79 Iowa 232; *Turkington v. Chicago, R. I. & P. R. Co.,* 196 Iowa 304.

Turning to the record, we find, however, that the plaintiff's testimony shows that he had made a special study and investigation of, and specialized in, insurance law and in accident and health insurance; that he was formerly employed by the Travelers of Hartford, and served seven other health and accident insurance companies, and was assistant manager of the Chicago office of the Travelers of Hartford, in charge of the health and

accident department, and had been employed as attorney for other companies. This evidence is undisputed, and, so long as it so stands in the record, we think the court was warranted in giving the instruction which it did.

Further than this, we have held, in the case of *Clark v. Ellsworth*, 104 Iowa 442, l. c. 450:

"Not only the amount and character of the services and the results attained, but also the professional ability and standing of the attorney, his learning, skill, and proficiency in his profession, and his experience, may be considered in estimating the reasonable value of his services."

Since we have so pronounced the rule in this state, it is apparent that the instruction above set out is nonprejudicial, because the effect of it is, in the light of the evidence in the case, to tell the jury that they should not add any additional value for such services or advice by reason of the fact that the plaintiff had extraordinary skill and experience as a lawyer. Under this situation, we see no reason why the defendant should complain about the instruction.

II. It is next insisted that in the same instruction the court uses the phrase "services performed and advice given," and that the word "advice" is not used in the plaintiff's peti-tion. We think, however, that this criticism is hypercritical, as the term "services" is broad enough to cover advice. In fact, the record shows conferences between the plaintiff and the defendants as to the necessity of the preparation of a policy, what it should contain, and changes and modifications that were to be made in the draft of the policy originally prepared by the plaintiff. We think there was no error in the court's instruction in this respect.

III. It is next insisted that the court erred in overruling defendants' objections to the testimony of the witness O'Rieley as to his opinion of the value of a lawyer's services in preparing a draft of a policy such as was prepared by the plaintiff in this case. This witness is shown to have been a practicing lawyer in Cedar Rapids, and acquainted with the reasonable value of professional services at that point. This

was a sufficient qualification to warrant the court in permitting him to testify as to his opinion of the value of services in the preparation of this policy. The special point made is that this witness had never drawn a policy of this kind, had not specialized in insurance law, and was not familiar with the charges of attorneys for writing insurance policies for an insurance company. The same complaint is made as to the witness Powell.

The knowledge and experience, or the lack thereof, of these witnesses as to the particular line of work under consideration all constituted a question for the jury to consider, in weighing their testimony. The fact that a lawyer has never drawn a particular legal instrument does not, in our judgment, disqualify him from testifying as to the reasonable value of the services of an attorney for drawing such instrument. If we should adopt such a rule, we are fearful that in many instances competent witnesses would not be available to testify to such matters, and a lawyer would not be able to recover for his services in a community where no such instrument had been prepared previously.

IV. The last point raised is that the testimony of the defendants' witnesses as to the value of such services came from witnesses who were more experienced, and had a more definite and personal knowledge of the value of such work. This, of course, made a conflict in the testimony, and was a question for the jury to determine.

All of the objections made by the appellants are found to be untenable, and no cause for reversal.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.