MARGARET BALLAIN, Appellee, v. T. M. BRAZELTON, Appellant.

No. 43337.

APRIL 7, 1936.

Genung & Genung, for appellant.

Cook & Cook, for appellee.

ALBERT, J.—On the 30th of May, 1934, the plaintiff, accompanied by her husband and two minor children, was traveling east on an east and west arterial highway. At a point two and one-half miles east of Strahan, Iowa, county road S intersects

a county highway. At about this point a collision occurred between the car in which the plaintiff was riding and the defendant's car. There was a stop sign on the north and south county road, which was a warning to persons traveling from that road onto the arterial highway.

The case was tried to a jury, and the only error relied on in the appeal is the giving of instruction No. 6, in which it is claimed that the court invaded the province of the jury in assuming the exact point where the accident occurred.

It is the well-settled rule, of course, that the court has no right to invade the province of the jury by assuming the existence of certain facts when those facts are in dispute in the testimony. This has been announced to be the rule, and one of the later cases thereon is Klass v. Iowa Mutual Liability Ins. Co., 210 Iowa 78, 230 N. W. 314. See, also, Roach v. Parcell, 61 Iowa 98, 15 N. W. 866; Neville v. Chicago & N. W. R. Co., 79 Iowa 232, 44 N. W. 367; Case & Co. v. Burrows and Whiting, 52 Iowa 146, 2 N. W. 1045.

The question, therefore, is whether or not in instruction No. 6 the court assumed facts which are in dispute in the testimony. It is the claim of the plaintiff, and her testimony tends to sustain her claim, that the accident occurred at or about the middle of the intersection of these two roads. It is the claim of the defendant, and there is some testimony to support his contention, that the defendant's car had proceeded north and turned west at the intersection and was about six feet west of the north and south fence on the west side of the north and south road, and therefore was out of the intersection. It is claimed that instruction No. 6 assumes that the accident occurred in the middle of the intersection. ·

We have read the instructions with care, and the instructions numbered 5, 6, and 7 are devoted to setting out the law on the plaintiff's theory of the case, and correctly and accurately state the law on the plaintiff's theory of the case. In so stating the plaintiff's theory of the case, there was evidence which warranted the court in giving the instruction which corresponded to the plaintiff's theory of the case, which was that the accident occurred in the center of the intersection. We are unable to see how the court could instruct on plaintiff's theory otherwise than by basing the instruction on her claim and the evidence which supported it. The use of the words ''at the time'' and

808

"at said time" had reference to the location of the cars prior to the time they reached the intersection, and the court's instruction applied to the duties of the defendant in approaching and entering said intersection. The defendant's theory of the case, to wit, that the accident occurred outside of the intersection, was covered by the court in a later instruction. Taking the instructions as a whole, they properly cover the theories of both the plaintiff and the defendant.

We see nothing in this contention of the defendant with reference to the giving of instruction No. 6, and think it was rightfully given. The case is affirmed.—Affirmed.

DONEGAN, C. J., and KINTZINGER, ANDERSON, HAMILTON, and STIGER, JJ., concur.